**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| **EVERBANK COMMERCIAL FINANCE, INC.**<br>**10 WATERVIEW BOULEVARD**<br>**PARSIPPANY, NJ, 07054** | * | |
| **PLAINTIFF,** | * | |
| v. | * | **CASE NO.:** _____ |
| **NEAL ADAMS MD, PC**<br>**2101 MEDICAL PARK DR., SUITE 303**<br>**SILVER SPRING, MD 20902** | * | |
| *SERVE ON RESIDENT AGENT:* | * | |
| **MICHAEL OLIVER, ESQ.**<br>**BOWIE AND JENSEN, LLC**<br>**SUITE 600**<br>**29 W. SUSQUEHANNA AVE.**<br>**TOWSON, MD 21204** | * | |
| AND | * | |
| **NEAL ADAMS**<br>**722 DULANEY VALLEY RD., APT. 373**<br>**TOWSON, MD 21204** | * | |
| **DEFENDANTS.** | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiff, EverBank Commercial Finance, Inc. ("EverBank"), by its attorneys, hereby sues defendants Neal Adams MD, PC ("Adams MD") and Neal Adams ("Adams") and states:

244375_2

## PARTIES

1. Plaintiff EverBank is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Parsippany, New Jersey. EverBank is qualified to do business in Maryland.

2. Defendant Adams MD is a professional corporation organized under the laws of the State of Maryland, with its principal place of business located in Silver Spring, Maryland.

3. Defendant Adams is an individual and citizen of Maryland.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff EverBank is a Delaware corporation with its principal place of business located in New Jersey. Adams MD and Adams are citizens of Maryland. All issues of law and fact are among citizens of different states.

5. Venue is proper in the District of Maryland under 28 U.S.C. § 1391 because a substantial part of the events giving rise to EverBank's claims occurred in this district.

6. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

## FACTS

7. Pursuant to an Lease Agreement dated June 12, 2013 (the "Lease"), Adams MD leased from Americorp Financial, LLC ("Americorp") certain equipment more fully described in Schedule A to the Lease (collectively, the "Equipment"). A copy of the Lease is attached as Exhibit 1 and incorporated herein by reference.

8. Pursuant to a Guaranty dated June 12, 2013, Adams unconditionally guaranteed the payment and performance of all of Adams MD's obligations under the Lease. A copy of the Guaranty is attached as Exhibit 2 and incorporated herein by reference.

9. Pursuant to a Specification of Assigned Interest dated June 21, 2013 (the "Assignment") and related documents, Americorp assigned to EverBank all of Americorp's right, title, and interest in and to: (a) the Lease; (b) the Guaranty; (c) the Equipment and other documents executed in connection with the Lease; and (d) all amounts due under the Lease and related documents. A copy of the Assignment is attached as Exhibit 3 and incorporated herein by reference.

10. Adams MD breached the terms of the Lease by, among other things, failing to make payments to EverBank when and as due.

11. Adams breached the terms of the Guaranty by, among other things, failing to make payments to EverBank of Adams MD's obligations under the lease upon demand therefor.

12. In accordance with the terms of the Lease, EverBank accelerated the balance due under the Lease and demanded payment thereof by Adams MD and Adams.

13. Adams MD and Adams failed to make payment, despite demand therefor.

14. As a direct and proximate result of Adams MD's breach of the Lease and Adam's breach of the Guaranty, EverBank has suffered injury in the amount of $189,839.25 as of March 3, 2015, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by EverBank in enforcing its rights under the Lease and the Guaranty.

15. EverBank's economic injury increases so long as the obligations owed by Adams MD and Adams remain unpaid.

16. The Lease entitles EverBank to immediate possession of the Equipment upon Adams MD's default. Due to Adams MD's breach of the Lease, Adams MD is in default thereof, and, as a result, EverBank is entitled to immediate possession of the Equipment.

17. Adams MD's continued possession of the Equipment is unlawful and in violation of Everbank's right to immediate possession thereof.

18. The Equipment has an approximate fair market value of $50,000.00, assuming average wear and tear.

## COUNT I
### (BREACH OF CONTRACT AGAINST ADAMS MD UNDER THE LEASE)

19. EverBank incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count I.

20. Adams MD defaulted on its obligations to EverBank under the Lease by, among other things, failing to make payments to EverBank when and as due, despite demand therefor.

21. Adams MD failed to pay the amounts owing to EverBank under the Lease.

22. Adams MD's default under the Lease has injured EverBank in the amount of $189,839.25 as of March 3, 2015, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by EverBank in enforcing its rights under the Lease.

WHEREFORE, plaintiff EverBank Commercial Finance, Inc. respectfully requests that this Court enter an order:

    A. Granting judgment in its favor and against Defendant Neal Adams MD, PC, in the amount of $189,839.25, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by EverBank in enforcing its rights under the Lease, such judgment to be joint and several with any judgment against Adams for breach of the Guaranty; and

B.       Granting such other and further relief as this cause may require.

## COUNT II
### (BREACH OF CONTRACT AGAINST ADAMS UNDER THE GUARANTY)

23.     EverBank incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count II.

24.     Adams defaulted on its obligations to EverBank under the Guaranty by, among other things, failing to make payments to EverBank when and as due, despite demand therefor.

25.     Adams failed to pay the amounts owing to EverBank under the Guaranty.

26.     Adams's default under the Guaranty has injured EverBank in the amount of $189,839.25 as of March 3, 2015, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by EverBank in enforcing its rights under the Lease.

WHEREFORE, plaintiff EverBank Commercial Finance, Inc. respectfully requests that this Court enter an order:

    A.       Granting judgment in its favor and against Defendant Neal Adams in the amount of $189,839.25, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by EverBank in enforcing its rights under the Lease, such judgment to be joint and several with any judgment entered against Adams MD under the Lease; and

    B.       Granting such other and further relief as this cause may require.

## COUNT III
### (REQUEST FOR WRIT OF REPLEVIN AGAINST ADAMS MD)

27.     EverBank incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count III.

28.     The Lease entitles EverBank to immediate possession of the Equipment upon Adams MD's default. Due to Adams MD's breach of the Lease, Adams MD is in default thereof, and, as a result, EverBank is entitled to immediate possession of the Equipment.

29.     Adams MD unjustly retains possession of the Equipment without authorization or permission of EverBank.

30.     As a direct and proximate result of Adams MD's unjust detention of the Equipment, EverBank has suffered and will continue to suffer injury in the amount of $50,000.00, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by EverBank in enforcing its rights under the Lease.

WHEREFORE, plaintiff EverBank Commercial Finance, Inc. respectfully requests that this Court:

> A.  Promptly schedule a hearing with prior notice to Defendant Neal Adams MD, PC to determine whether a writ of replevin should be issued for the immediate seizure and delivery of the Equipment to EverBank;
>
> B.  Enter judgment in favor of EverBank and against Defendant Neal Adams MD, PC for the recovery of possession of the Equipment, and awarding final possession of the Equipment to EverBank;
>
> C.  Award EverBank damages for the wrongful detention of the Equipment, and enter judgment in EverBank's favor and against Defendant Neal Adams MD, in the amount of $50,000.00, or in such other amount according to proof, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by EverBank in enforcing its rights under the Lease; and

D.  Grant such other and further relief as this cause may require.

      /s/ Steven N. Leitess
Steven N. Leitess, Fed. Bar No. 05856
Gordon S. Young, Fed. Bar No. 14866
Pierce C. Murphy, Fed. Bar No. 30030
Leitess Friedberg PC
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
Steven.leitess@lf-pc.com
Gordon.young@lf-pc.com
Pierce.murphy@lf-pc.com

*Attorneys for EverBank Commercial Finance, Inc.*